(Cuyahoga County, Ohio, Court of Common Pleas, January, 1897.)

### KENNELLY v. COWLE.

*Dower—Divorce by innocent wife on ground that husband has wife living— Marriage absolutely void, and no rights of dower accrue.*

The right of dower arises only in cases of lawful marriage, and where a woman is married to a man who has another wife formerly married, living at the time; then such marriage is no lawful marriage. is not voidable only, but absolutely void, and she acquires no right of dower in his realty.

Sec. 5699 does not apply to divorces on that ground, although such second wife was without any fault on her part.

DISSETTE, J.

This is an action for the assignment of dower in certain property described in the petition. The plaintiff alleges that on or about the 8th day of October, 1860, she was married to one Martin Murphy; that from that date until the May term of 1868 of the common pleas court of this county she was and remained the wife of the said Martin Murphy; that at that term of said court, she was by the judgment and decree of said court, divorced from the said Martin Murphy on the ground of his aggressions and wrong doing; that she was vested with the custody and control of a child that was born to them, and that she was also restored to her maiden name of Mary Kennelly; that during the time that she was living with the said Martin Murphy, he was the owner in fee and in possession by purchase of the real estate described in the petition. And plaintiff says that on the 23rd of July, 1868, and after the decree of divorce had been granted, said Murphy sold said real estate to Margaret Murphy, his mother, for the sum of $7,800.00, and made his sole deed therefor; that plaintiff did not join in the said conveyance, and has not conveyed by deed or otherwise her dower interest in said real estate; that said Margaret Murphy has since sold the premises, and that John B. Cole, the defendant, is now the owner. She further claims that on the 24th day of August, 1896, she demanded of said defendant, in writing, that he assign and set off to her, her dower interest in said real estate, but that he refused to so do; and she said that Martin Murphy departed this life in the month of March, 1880; and from that time she was and still is entitled to dower in said real estate; that more than thirty days have elapsed since she made demand of dower; and she prays that the defendant may be ordered and decreed to assign to her one full and equal one-third part of said premises as her dower in said real estate, and for such other and further relief as in equity she may be entitled to.

To this answer the defendant filed an answer and cross-petition.— The answer alone concerns us in this discussion. After admitting the marriage of said Murphy at the time alleged in the petition, the defendant says that the said Martin Murphy, at the time he was married to

the plaintiff in this action, had a wife then living whom he had lawfully married; that the pretended marriage to Murphy was void and of no effect, and he denies that Mary A. Kennelly, the plaintiff herein, was at any time the wife of said Martin Murphy, and avers that on or about the May term, 1868, of the court of common pleas of this county, in a suit and proceeding then pending, in which the said Mary A. Kennelly, calling herself Mary A. Murphy, was plaintiff, and the said Martin Murphy was defendant, a judgment and decree was rendered in and by said court in which it was found by the court. that at the time of said pretended marriage of Mary A. Kennelly to the said Martin Murphy, that said Martin Murphy was the lawful husband of another woman who was then his wife. He denies that said Martin Murphy was at any time the owner in fee or of any interest in the lands in the petition described, while the said plaintiff was his wife, or that she ever was the wife of the said Martin Murphy. He denies further, that the plaintiff ever had any dower estate or interest in the lands described in said petition, or ever owned or possessed an inchoate right of dower therein. He admits that he is now the owner and possessor in fee of said real estate, and is the owner and holder of an estate of inheritance therein. He admits also that the plaintiff made a demand of him in writing that he assign and set off to her, dower in said real estate; and denies that said plaintiff was ever entitled to dower in said premises.

It is not necessary to read the cross-petition of the defendant herein. To this answer and cross-petition the plaintiff filed her reply, and says substantially, that at the time of her marriage with Martin Murphy she was ignorant of the fact that he had a former wife living; that said Martin Murphy imposed upon her and married her; that they lived together as husband and wife, and that they had the reputation of being husband and wife during the lifetime of the former wife of said Martin Murphy, and without the knowledge on her part that the said Martin Murphy had a former wife living; that she acted in perfect good faith, and was innocent of any wrong doing on her part in contracting the marriage relation with Martin Murphy; that for several years before and after said marriage, Martin Murphy was a well known business man of this city, and moving in respectable society and associated with respectable people; that he had a brother and mother living in the city, with whom she was well acquainted, and that at no time before said marriage did she have the least intimation from the brother, mother or any other person, that said Martin Murphy had a wife living here or elsewhere, nor did she learn it until a short time before she began divorce proceedings against the said Martin Murphy; that so far as she was concerned she was free under the laws of Ohio and the church to which she belonged, to enter the marriage relation; that at the time of said marriage she believed said Martin Murphy was free to marry her, and she denies that her marriage with the said Martin Murphy was void and of no effect. She prays a judgment in her favor.

To this reply the defendant filed his demurrer. He says:

First. "That the several matters set up in said petition are insufficient in law to traverse or avoid the matters and things set forth in the defendant's answer herein "

Second. "That the several matters and things set forth in the reply of plaintiff are insufficient in law to constitute an avoidance to the matters and things set forth by way of defense in this defendant's answer."

A decision of the questions raised by this demurrer is practically a determination of the whole case upon the merits. There is an entire absence of any issue of fact between the parties to this action. The only issue is an issue of law. It is claimed by the defendant that the mar-

riage of the plaintiff to said Martin Murphy while he had a wife living to whom he was lawfully married, is a void marriage, and that the plaintiff never became entitled to right of dower in the property owned by Martin Murphy while that relation subsisted; that the marriage was void, —absolutely void, and that in consequence the plaintiff never had any right of dower in the premises described in the petition.

On the other hand, it is contended on behalf of the plaintiff, that under and by virtue of the laws pertaining to divorce and alimony, the plaintiff is entitled to dower in this property.

The court's attention has been called particularly to two sections, sec. 5689 and 5699 of the Revised Statutes of Ohio, upon which the plaintiff relies In sec. 5689 is an enumeration of the causes for which the court of common pleas may grant a divorce. The first cause stated for which a divorce may be granted is in the following language: "That either party had a husband or wife living at the time of the marriage from which the divorce is sought." It was under that cause of this section that the divorce was obtained by the plaintiff.

Section 5699 provides as follows: "When a divorce is granted by reason of the aggression of the husband, the wife shall, by force of the judgment of divorce, be restored to all her lands, tenements, and hereditaments, not previously disposed of, and if she so desire, the court shall restore her to any name she had before such marriage; she shall be allowed such alimony out of her husband's real and personal property as the court deems reasonable, having due regard to the property which came to him by marriage, and for the value of any personal estate at the time of the divorce, which alimony may be allowed to her in real or personal property, or both, or by decreeing to her such sums of money, payable either in gross or installments, as the court deems just and equitable; and, if the wife survive her husband, she shall also be entitled to her right of dower in the real estate of her husband not allowed to her as alimony, of which he was seized at any time during the coverture, and to which she did not relinquish her right of dower."

It is contended by the plaintiff in this action that taking sec. 5689, which makes the fact of either party having a husband or wife living at the time of the marriage from which the divorce is sought, one of the grounds for which a divorce may be granted, and the plaintiff having obtained her divorce from her husband, Martin Murphy on this ground as provided in that section, she comes under the divorce and alimony law of Ohio, and is entitled to the benefits of the provisions of sec. 5699, which says that, "if the wife survive her husband, she shall also be entitled to her right of dower in the real estate of her husband not allowed to her as alimony, of which he was seized at any time during the coverture, and to which she did not relinquish her right of dower;" that there is no exception made in this statute as to whether the marriage was a lawful marriage or an unlawful marriage; that the plaintiff comes into court with clean hands, was entirely innocent of any wrong in the marriage which was contracted, but was tricked and defrauded into the marriage by the other party, and that she is entitled to all the benefits of dower provided by sec. 5699.

In the 5th Ohio St. 32, in the case of Ruth Smith v. Chester Smith, the Supreme Court has, we think, passed upon the two vital questions in this case. First—as to the legal status of such a marriage whether it is void or voidable only. Second—Whether, if the provisions of sec. 5699 extend to such a marriage. In that case, which was, as in this case, a petition for divorce, the plaintiff had been previously married and separated from her husband. The husband after the separation married again, and some ten or twelve years after the separation she married one Daniel Smith, and lived with him until his death eighteen

years after the marriage. During this coverture, Daniel Smith was seized of an estate of inheritance in certain lands in Delaware county, this state, which he conveyed to the defendant, Chester Smith, Ruth not joining in the conveyance. After his death she sought to recover dower in these premises. The defense in that case as in this was, that her marriage with Smith was void as she had a former husband living at the time. The opinion is short, and is as follows:

"It seems to be conceded by counsel for the complainant, Ruth Smith, that if her marriage to Smith was absolutely void, she is not entitled to dower in his estate. Such is undoubtedly the law; and it is equally well settled, that a second marriage, as in this case, while the first husband was living, is absolutely void, unless the legislation of the state has rendered such second marriage voidable only.

"It is said that the statute which authorizes proceedings to obtain a divorce, where either of the parties had a former husband or wife living at the time of the solemnizing the second marriage. (Swan's Stat. 325, sec. 1,) does, constructively, render such second marriage voidable only. The fact of a prior marriage may be one of doubt; and hence this provision permits parties to have the subject judicially investigated and determined. Another object of this provision was, probably, to give alimony to the second wife of a man who had a former wife living. Besides, to render such second marriage valid, or voidable only, until decree of divorce, would require distinct and positive legislation.

"No presumptive proof of divorce between Dennis and his wife exists. Indeed, a divorce being a judicial proceeding of record, we do not see how such a presumption could arise without some proof. There is none. The petition must be dismissed."

There is this difference between the case at bar and the case before the Supreme Court: The plaintiff in that action was not without fault, she knew of the legal barrier to her marriage with Smith. In this case the plaintiff was in no way to blame for the unlawful union, she entered into it in good faith, and had a lawful right to contract the marriage relation. She was the innocent victim of deceit and fraud. But if we read this opinion of the Supreme Court aright, to render this marriage voidable merely would require distinct and positive legislation, and until we have such legislation such marriage is absolutely void, and that notwithstanding the provisions of Sec. 5699.

The Supreme Court says in substance that the reason for making this unlawful marriage a ground for divorce, was to permit either party to have the subject judicially investigated and determined. And that another reason "was probably to give alimony to the second wife of a man who had a former wife living." In short, to settle the question as to the validity of the marriage, and to give the wronged woman, if he were guilty, compensation and damages out of his property.

A man can have but one lawful wife living. For the sake of convenience we sometimes speak of a man as having two wives, or wife number one and of wife number two and of wife number three, but legally a man can have but one wife living. No matter how innocent a second woman may be of any wrong-doing, no matter how much she may be deceived in entering into the marriage relation, if the man has at the time of his marriage with her, a wife living, she cannot be his lawful wife. If this be so, the language of that part of sec. 5699 relied upon by plaintiff is significant and will hardly sustain the meaning given it by counsel for the plaintiff. It says, "if the wife survive her husband" she shall be entitled to dower. "I think we can come to but one conclusion, that it means just what it says. The woman must be the wife—the lawful wife.

The 26th Federal Reporter, page 891, has a case entitled DeFrance v. Johnson, U. S. Circuit Court Minn., where a man who had a wife liv-

ing at the time married the plaintiff, a mere girl, lived with her a great many years, until his death. I believe they had thirteen children. After his death she sought to recover dower in the lands owned by him during this coverture, but the court decided against her. The last paragraph of the syllabus reads: "A woman who innocently marries and co-habits with a man who has a wife living from whom he has never been divorced cannot acquire an interest in his land by reason of such supposed marriage."

I conclude therefore, that the right to dower arises only in cases of lawful marriage. That as the plaintiff was never lawfully the wife of Martin Murphy, she never was entitled to dower in his real estate, and is not entitled to dower in the property described in the petition.

The demurrer to the reply is therefore sustained.

J. H. MacMath, Attorney for plaintiff.

Dickey, Brewer & McGowan, Attorneys for Defendant.